IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JOHNNY HOLLIDAY                                                                                         PLAINTIFF

V.                         CASE NO. 6:15-cv-06061-PKH

JUDGE VAN HOOK and
CIRCUIT COURT CLERK
CHERYL COCHRAN-WILSON                                                                       DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This case is before me by referral for a determination of whether *in forma pauperis* status should be granted to Plaintiff on appeal. For the reasons stated below, it is my recommendation that the Motion for Leave to Appeal *in forma pauperis* (Doc. 14) be denied.

### I.  Background

Plaintiff filed his Complaint on June 12, 2015. (Doc. 1) On January 26, 2016, his case was dismissed with prejudice upon preservice screening pursuant to 28 U.S.C. § 1915A. (Doc. 11) In its Order entered on January 26, 2015, the Court stated:

"Judge Van Hook is immune from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) ('Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.'). ' Judges performing judicial functions enjoy absolute immunity from § 1983 liability.' *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). ' A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority.' *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Judicial immunity is overcome in only two situations: (1) if the challenged action is non-judicial or (2) the judge's action, 'though judicial in nature, [is] taken in the complete absence of all jurisdiction.' *Mireles*, 502 U.S. at 11. It is clear from the allegations of the complaint that neither of those two situations apply here.

Plaintiff identifies Defendant Cheryl Cochran-Wilson as a clerk. (Doc. 1, p. 3) The form he submits as evidence of forgery was filed in the Circuit Court, Criminal Division, of Union County, Arkansas. Defendant Cochran-Wilson's stamp identifies her as the Clerk of Court. Court clerks are immune from suit. *Boyer v. County of Washington*, 971 F.2d 100, 102 (8th Cir. 1992) ('court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process, unless the clerks acted in the clear absence of all jurisdiction') (internal quotations omitted). The filing of documents 'is an integral part of the judicial process' for which a clerk will 'be protected by judicial immunity . . . in connection with the performance of such tasks.' *Id.* (quotations omitted)." (Doc. 11, pp. 2-3)

Plaintiff filed his Notice of Appeal and Motion for Leave to Appeal *in forma pauperis* on February 16, 2016. The motion was referred to the undersigned on February 16, 2016.

## II. Discussion

28 U.S.C. § 1915 governs applications for leave to appeal *in forma pauperis*. 28 U.S.C. § 1915(a)(1) provides:

> ". . . any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefore, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress."

28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." "Good faith," within the meaning of the statute, must be judged by an objective and not subjective standard, and a litigant's good faith is demonstrated when he seeks appellate review of any issue that is not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917, 921, 8 L.Ed.2d 21 (1962).

To proceed in forma pauperis is a privilege and not a right. *Green v. Wyrick*, 428 F.Supp. 728, 731 (W.D. Mo. 1976). "A plaintiff, even though of small means, could reasonably be asked

to some small degree to 'put his money where his mouth is,' it being all too easy to file suits . . . if it costs nothing whatever to do so." *Id.* at 731-32.

The decision of whether to grant or deny in forma pauperis status under § 1915 "is within the sound discretion of the trial court." *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (internal citation omitted).

28 U.S.C. §§ 1915(e)(2)(B)(i-iii) provides that on review, the court "shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief."

In this case, Plaintiff named a Judge and a Court Clerk as the only Defendants in his case. As discussed by the Court in the Order entered on January 26, 2016, both of these Defendants are immune from suit. Because Plaintiff is attempting to seek monetary relief from Defendants who are immune from such relief, his claims are "based on an indisputably meritless legal theory," and should be dismissed pursuant to § 1915(e). *See Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L.Ed.2d 338 (1989) (claims again Defendants who are immune from suit are an example of "an indisputably meritless legal theory"). As such, Plaintiff's appeal is frivolous and, therefore, not taken in good faith.

### III.  Conclusion

Accordingly, the undersigned recommends that Plaintiff's Motion for Leave to Appeal *in forma pauperis* be **DENIED**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are**

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

  DATED this 22nd day of March, 2016.

             /s/ *Mark E. Ford*
             HONORABLE MARK E. FORD
             UNITED STATES MAGISTRATE JUDGE